UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
____

RODERICK HAROLD PERSON,

        Plaintiff,                   Case No. 2:22-cv-10

v.                                          Honorable Maarten Vermaat

ADAM MARSHALL,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 3.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendant(s) is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendant has not yet been served, the undersigned concludes that he is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way that he is not a party who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the

2

defendants[; h]however, because they had not been served, they were not parties to the action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Newberry Correctional Facility (NCF) in Newberry, Luce County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Hearings Investigator/Grievance Coordinator Adam Marshall.

In Plaintiff's complaint, he alleges that on January 24, 2021, Corrections Officers Marsh and Kenyon, neither of whom is named as a Defendant in this action, conducted "a random search"

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, __ F.4th __, 2022 WL 322883, at *4–6, *4 n.26 (3d Cir. Feb. 10, 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

in Plaintiff's unit. (Compl., ECF No. 1, PageID.3.) Plaintiff contends that, prior to the search of the unit, another inmate, Singleton, "had placed a gallon of fermented juice (alcoholic beverage) behind [Plaintiff's] locker . . . without [Plaintiff's] knowledge." (*Id.*) Plaintiff's property locker was located between two other inmates' bunks, and Corrections Officer Marsh conducted the search of this area. (*Id.*) Corrections Officer Marsh found the alcoholic beverage during the search, and a "Class I substance abuse misconduct was issued to [Plaintiff]." (*Id.*)

On February 1, 2021, inmate Singleton reported to Corrections Officer Kenyon "that the substance found on January 24, 2021 was his and [he took] full responsibility for placing it there without [Plaintiff's] knowledge." (*Id.*) Corrections Officer Kenyon emailed this information to Hearings Investigator Marshall, and Hearings Investigator Marshall replied, "Copy." (*Id.*; ECF No. 1-1, PageID.8.)

Following his receipt of the February 1, 2021, email, Hearings Investigator Marshall did not interview inmate Singleton, Plaintiff, or Corrections Officers Marsh and Kenyon. (Compl., ECF No. 1, PageID.4.) On February 4, 2021, Plaintiff "was found guilty of Class I substance abuse." (*Id.*) "Hearings Investigator Marshall failed to forward relevant information to [H]earings [O]fficer Theut[,]" who is not named as a Defendant, "and when [Plaintiff] disclosed information, [Hearings Investigator] Marshall knowingly lied and said Inmate Singleton would not sign a written statement." (*Id.*)

Plaintiff contends that Hearings Investigator Marshall "failed to conduct a fair investigation" and "lied to Hearings Officer Theut." (*Id.*) Plaintiff avers that Hearings Investigator Marshall's conduct violated his rights under the Due Process Clause of the Fourteenth Amendment. (*Id.*) As relief, Plaintiff seeks compensatory and punitive damages, as well as declaratory and injunctive relief. (*Id.*, PageID.5.)

4

## II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

5

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Fourteenth Amendment

Plaintiff alleges that his due process rights under the Fourteenth Amendment were violated when Defendant Marshall failed to properly investigate Plaintiff's "Class I substance abuse misconduct" charge. (Compl., ECF No. 1, PageID.3–4.)

"The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient . . . ." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The United States Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, the Supreme Court set forth the standard for determining when a state-created right creates a federally cognizable liberty interest protected by the Due Process Clause. 515 U.S. 472, 484 (1995). According to that Court, a prisoner is entitled to the protections of due process only when the sanction "will inevitably affect the duration of his sentence" or when a deprivation imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 486–87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir. 1995).

Here, Plaintiff "was found guilty of Class I substance abuse." (Compl., ECF No. 1, PageID.4.) Under MDOC Policy Directive 03.03.105, ¶ B (eff. July 1, 2018), a Class I misconduct is a "major" misconduct. Plaintiff's major misconduct charge and conviction affected a number of Plaintiff's interests, but none of them fall into either of the categories identified in *Sandin* as protected by due process, i.e., an inevitable effect on the duration of Plaintiff's sentence or an atypical and significant hardship.

As to the first category, Plaintiff has not alleged a deprivation that will inevitably affect the duration of his sentence. A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000, can accumulate "disciplinary time" for a major misconduct conviction. *See* Mich. Comp. Laws § 800.34; *see also* Mich. Dep't of Corr. Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=660430 (last visited Feb. 25, 2022). Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. Mich. Comp. Laws § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011).

As to the second category, Plaintiff has not alleged that he suffered an "atypical and significant" deprivation. *Sandin*, 515 U.S. at 484. Indeed, in this action, Plaintiff does not provide any allegations regarding the sanctions he received as a result of his misconduct conviction. Plaintiff therefore has failed to show that any sanction he received was an "atypical" and "significant deprivation." *Id.*

In a separate action that Plaintiff previously filed in this Court, Plaintiff attached the misconduct hearing report for his substance abuse charge to his complaint.[2] *See* Class I Misconduct Hearing Report, *Person v. Mich. Dep't of Corr.*, No. 2:21-cv-181 (W.D. Mich.), (ECF No. 1-1, PageID.26).[3] The misconduct hearing report indicates that Plaintiff received the sanction of "loss of privileges" for ten days, and Plaintiff indicates that his family visitation privileges were suspended for thirty days. *Id.*

Pursuant to MDOC Policy Directive 03.03.105, the "loss of privileges" sanction involves the loss of various privileges, such as access to the day room, exercise facilities, group meetings, "[o]ut of cell hobbycraft activities," the kitchen area, the general library (not including the law library), movies, music practice, and other "[l]eisure time activities." MDOC Policy Directive 03.03.105, Attach. E (eff. July 1, 2018). Federal courts consistently have found that prisoners have no constitutionally protected liberty interest in prison vocational, rehabilitation, and educational programs or activities under the Fourteenth Amendment. *See, e.g.*, *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (holding that the Due Process Clause was not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (finding that prisoners have no

---

[2] The Court may take judicial notice of matters of public record. *Cf. Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) ("[A] court ruling on a motion to dismiss '*may* consider materials in addition to the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'" (emphasis in original) (citation omitted)). Furthermore, "[t]he court may take judicial notice at *any* stage of the proceeding." Fed. R. Evid. 201(d) (emphasis added). Thus, the Court may take judicial notice even at this early juncture because the Court is permitted to take judicial notice *sua sponte*, Fed. R. Evid. 201(c)(1), and "the fact is not subject to reasonable dispute," Fed. R. Evid. 201(b).

[3] In action no. 2:21-cv-181, Plaintiff's claim against Defendant Marshall regarding Plaintiff's substance abuse misconduct charge was dismissed without prejudice because it was misjoined to that action. Op. & Order, *Person v. Mich. Dep't of Corr.*, No. 2:21-cv-181 (W.D. Mich. Dec. 7, 2021), (ECF Nos. 10, 11).

constitutional right to rehabilitation, education or jobs); *Canterino v. Wilson*, 869 F.2d 948, 952–54 (6th Cir. 1989) (concluding that prisoners have no constitutional right to rehabilitation); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) (finding that participation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985) (concluding that prisoners have no constitutional right to rehabilitative services). Moreover, the suspension of Plaintiff's family visitation privileges for thirty days also does not trigger a right to due process. *Cf. Bazzetta*, 430 F.3d at 805 (concluding that a permanent, but reviewable, loss of visitation privileges did not "rise[] to the level of egregious conduct necessary to implicate the implicit guarantees of the Due Process Clause" (citing *Overton v. Bazzetta*, 539 U.S. 126, 134 (2003))).

Furthermore, even if Plaintiff had alleged the loss of a protected liberty interest, he would not state a due process claim because he fails to show that he did not receive all the process due to him. *See Wolff v. McDonnell,* 418 U.S. 539 (1974) (setting forth the minimum process required for prison disciplinary proceedings that implicate a liberty interest). From Plaintiff's complaint, it is clear that Plaintiff believes Defendant Marshall did not conduct a "fair" investigation and that, as a result, Plaintiff unfairly received a disciplinary conviction. However, the right to due process protects Plaintiff's ability to *respond* to spurious charges. It does not include the right to *prevent* or *prevail* on such charges. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990) ("[T]he deprivation by state action of a constitutionally protected interest in 'life, liberty or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process*

*of law*." (emphasis in original) (citations omitted)). Accordingly, for all of the foregoing reasons, Plaintiff fails to state a Fourteenth Amendment due process claim.[4]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should

---

[4] Moreover, to the extent that Plaintiff intended to raise a substantive due process claim regarding Defendant Marshall's unfair investigation, which Plaintiff contends included lying to the Hearings Officer, he fails to state such a claim. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)).

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 266, 273–75 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). In this case, the Fourteenth Amendment Procedural Due Process Clause applies to protect Plaintiff's liberty interest in the major misconduct proceedings. Consequently, any intended substantive due process claim will be dismissed.

Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:  March 1, 2022                    /s/ *Maarten Vermaat*
                                         Maarten Vermaat
                                         United States Magistrate Judge